Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
August 16, 2024

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>VARALUZ, LLC,<br><br>    Debtor. | CASE No. 24-13181-hlb<br><br>Chapter 11<br><br>Adversary No. 24-01061-hlb |
| VARALUZ, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KALAMATA CAPITAL GROUP, LLC, STEVEN MANDIS, CONNOR PHILLIPS, and BRANDON LAKS,<br><br>    Defendants. | **ORDER APPROVING MOTION PURSUANT TO FED. R. BANKR. P. 9019 TO AUTHORIZE AND APPROVE SETTLEMENT BETWEEN VARALUZ, LLC AND KALAMATA CAPITAL GROUP, LLC, STEVEN MANDIS, CONNOR PHILLIPS, AND BRANDON LAKS**<br><br>Hearing Date: August 15, 2024<br>Hearing Time: 10:30 a.m. |

1

Varaluz, LLC ("Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its undersigned proposed counsel, Garman Turner Gordon LLP, filed the *Motion Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Settlement Between Varaluz, LLC and Kalamata Capital Group, LLC, Steven Mandis, Connor Phillips, and Brandon Laks* (the "Motion"),[1] which came on for hearing before the above-captioned Court on August 15, 2024, at 10:30 a.m. All appearances were duly noted on the record.

The Court reviewed the Motion and all matters submitted therewith. The Court considered the argument of counsel made at the time of the hearing and found that notice of the Motion was proper. The Court found that: (i) based on the entire record, the Debtor's request for approval of the Settlement Agreement represents the exercise of his sound, properly informed, business judgment; (ii) the Settlement Agreement is in the best interest of the estate and satisfies the requirements of Bankruptcy Rule 9019; and (iii) the Settlement Agreement satisfies the factors set forth in *In re A&C Properties, Inc.*, 784 F.2d 1377, 1381 (9th Cir. 1986). The Court stated its additional findings of fact and conclusions of law on the record at the hearing on the Motion, which are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure. Good cause appearing therefor;

**IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:**

1. The Motion is granted as set forth herein.

2. The terms and conditions included in the Settlement Agreement between the Debtor and Kalamata Capital Group, LLC, Steven Mandis, Connor Phillips, and Brandon Laks in the form attached as Exhibit 2 to the Motion is **APPROVED** and Debtor is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

2

3.      This Court shall retain jurisdiction to enforce this Order and the terms of the Settlement Agreements.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LP


By:   /s/ Talitha Gray Kozlowski
      TALITHA GRAY KOZLOWSKI, ESQ.
      TERESA M. PILATOWICZ, ESQ.
      7251 Amigo Street, Suite 210
      Las Vegas, Nevada 89119
      [Proposed] *Attorneys for Debtor*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###